UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00045-RJC-DCK

| CYNTHIA JOHNSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| | ) **Order** |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION and CATHY BEAM, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss (Doc. No. 3), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 8), the Objection to the M&R filed by Defendant Charlotte-Mecklenburg Board of Education (Doc. No. 9), and the Plaintiff's Response to that Objection (Doc. No. 10). The Court has also reviewed all the filings related to the Motion and the M&R. For the reasons below, the M&R is **ADOPTED in part**, and the Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Cynthia Johnson claims that the Charlotte-Mecklenburg Board of Education fired her because of her sex and race[1] and because she filed a workers' compensation claim. She previously worked for the Board as an area supervisor of school nutrition, Am. Compl. ¶ 14, Doc. No. 1-1 at 238, earning positive performance evaluations throughout her tenure, Am. Compl. ¶ 18, Doc. No. 1-1 at 238. After she hit her head on a vehicle owned by Charlotte-Mecklenburg Schools, she sought medical treatment and applied for workers' compensation. Am. Compl. ¶¶ 28, 30–31, Doc.

---

[1] Johnson is an African-American female. Am. Compl. ¶ 1, Doc. No. 1-1 at 234.

No. 1-1 at 240. Nearly six months later, Johnson's manager, Cathy Beam, began to review the applications for free and reduced lunch that had been filed for students at Mallard Creek Elementary School, where Johnson's daughter went to school. Am. Compl. ¶¶ 26, 28, 33, Doc. No. 1-1 at 239.

During Beam's review, she discovered that Johnson's two children were on a list of students receiving lunch for free or at a reduced price. Am. Compl. ¶¶ 33, 35–36, Doc. No. 1-1 at 240–41. Following that discovery, the Board found six applications for free or reduced lunch that had been filed for Johnson's children. Am. Compl. ¶ 41, Doc. No. 1-1 at 242. Those applications covered a span of seven years. Am. Compl. ¶ 41, Doc. No. 1-1 at 242. But Johnson's family was not qualified to eat lunch for free or at a reduced price, and the applications misstated the family's household income. Am. Compl. ¶ 2, Doc. No. 1-1 at 235–36; *see also* Am. Compl. ¶¶ 100, 105–06, Doc. No. 1-1 at 252, 254. Johnson insisted that she never completed the applications and had no idea who did. Am. Compl. ¶ 35, Doc. No. 1-1 at 240–41. Her husband likewise denied any involvement. Am. Compl. ¶ 47, Doc. No. 1-1 at 243. Nevertheless, the Board concluded that Johnson's husband filed the applications, Am. Compl. ¶ 54, Doc. No. 1-1 at 243, so it fired Johnson, who was an at-will employee, Am. Compl. ¶ 57, Doc. No. 1-1 at 244. Johnson appealed the decision and received a hearing, but her firing was affirmed. Am. Compl. ¶ 78, Doc. No. 1-1 at 248. She was also given a dismissal hearing. Am. Compl. ¶ 78, Doc. No. 1-1 at 248.

Johnson believes that the Board used pretexts to cover up its real reasons for firing her. She alleges that she was really fired in retaliation for her workers' compensation claim. Am. Compl. ¶ 70, Doc. No. 1-1 at 246. She also contends that she was fired because of her race and sex. Am. Compl. ¶¶ 68, 70, 85, Doc. No. 1-1 at 246, 249. Based on her retaliation claim, she filed a complaint with the North Carolina Department of Labor and received a right-to-sue letter. Am.

Compl. ¶ 79, Doc. No. 1-1 at 248; *see generally* N.C. Gen. Stat. § 95-242(a)–(b) (allowing an employee to obtain a right-to-sue letter after filing a retaliation complaint with the Commissioner of Labor). She then filed her Amended Complaint against Beam and the Board in the North Carolina Superior Court, seeking damages, injunctive relief, and declaratory relief for the Defendants' alleged violations of state and federal law. Am. Compl. at 1, Doc. No. 1-1 at 234. The Board removed the case to federal court, stating that the Court has federal-question jurisdiction over Johnson's federal claims and supplemental jurisdiction over her state-law claims. Notice of Removal 2, Doc. No. 1; *see* 28 U.S.C. §§ 1331, 1367.

Johnson asserts six claims. Am. Compl. ¶¶ 80–157, Doc. No. 1-1 at 248–63. One alleges that she was wrongfully discharged in violation of the public policies expressed in the North Carolina Equal Employment Practices Act ("NCEEPA"), the North Carolina Retaliatory Employment Discrimination Act ("REDA"), and N.C. Gen. Stat. § 52-12. Am. Compl. ¶¶ 88–122, Doc. No. 1-1 at 250–56. Johnson also claims that she was deprived of the "fruits of [her] own labor" in violation of the North Carolina Constitution. N.C. Const. art. I, § 1; Am. Compl. ¶¶ 80–87, Doc. No. 1-1 at 248–50.[2] She asserts a standalone REDA claim, Am. Compl. ¶¶ 123–32, Doc. No. 1-1 at 257–59, as well as a claim for tortious interference with contractual rights under North Carolina law, Am. Compl. ¶¶ 133–44, Doc. No. 1-1 at 259–60. Finally, invoking federal law, Johnson asserts a race-discrimination claim under 42 U.S.C. § 1981 and a constitutional equal-protection claim under 42 U.S.C. § 1983. Am. Compl. ¶¶ 142–57, Doc. No. 1-1 at 261–63.

Not every claim is asserted against both defendants. The tortious-interference claim is

---

[2] The Complaint alleges that Johnson was wrongfully discharged in violation of North Carolina public policy as it is expressed in the fruit-of-one's-labor clause. Am. Compl. ¶ 86, Doc. No. 1-1 at 249. But Johnson need not couch her claim as a violation of public policy. The Supreme Court of North Carolina has recognized that public employees may assert a direct cause of action under the fruit-of-one's-labor clause. *Tully v. City of Wilmington*, 810 S.E.2d 208, 213 (N.C. 2018).

asserted against Beam alone, Am. Compl. at 26, Doc. No. 1-1 at 259, while the REDA claim and the § 1983 claim are asserted against both Beam and the Board, Am. Compl. at 24, Doc. No. 1-1 at 257 (REDA claim); Am. Compl. ¶¶ 145, 150, Doc. No. 1-1 at 261, 262 (§ 1983 claim). The other claims are asserted against only the Board. Am. Compl. at 15, 17, Doc. No. 1-1 at 248, 250 (fruit-of-one's-labor and wrongful-discharge claims); Am. Compl. ¶ 154, Doc. No. 1-1 at 262 (§ 1981 claim).

The Defendants moved to dismiss Johnson's claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Doc. No. 3. After Johnson filed her Response, Doc. No. 4, and the Defendants submitted their Reply, Doc. No. 7, the Magistrate Judge issued the M&R, Doc. No. 8.

The M&R states that most of Johnson's claims should be dismissed. But it concludes that she successfully pleaded a fruit-of-one's-labor claim against the Board, an REDA claim against the Board, and a § 1983 claim against the Board and against Beam in her individual capacity. M&R 36, Doc. No. 8. However, it states that all of Johnson's other claims should be dismissed. M&R 36, Doc. No. 8.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A), (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De

novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Neither Johnson nor Beam objects to the M&R. The Board objects, but only to the M&R's conclusion that Johnson successfully pleaded a fruit-of-one's-labor claim. Obj. to M&R 1–2, Doc. No. 9. So just one issue remains for de novo review: whether Johnson successfully pleaded a fruit-of-one's-labor claim.[3] As explained below, she did not.

The North Carolina Constitution recognizes that "all persons" have been "endowed by their Creator with certain inalienable rights." N.C. Const. art. I, § 1. One of those rights is "the enjoyment of the fruits of [one's] own labor." *Id.* The fruit-of-one's-labor clause gives public employees a direct cause of action against their governmental employers. *Tully v. City of Wilmington*, 810 S.E.2d 208, 213 (N.C. 2018). To succeed on a fruit-of-one's-labor claim, a public employee must satisfy four elements. First, the employee must show that "no other state law remedy is available." *Id.* at 216. Second, she must identify "an internal employment policy that was 'clear [and] established'" and that "furthered a legitimate governmental interest." *Mole' v. City of Durham*, 866 S.E.2d 773, 780 (N.C. Ct. App. 2021) (quoting *Tully*, 810 S.E.2d at 216)

---

[3] Because this issue is the only one raised by the Board's Objection, it is the only issue subject to de novo review. There is no "clear error" in the M&R's analysis of the other issues. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee's note).

(alteration in original). She then must show that "the employer violated th[e] policy" and that she "was injured as a result of that violation." *Tully*, 810 S.E.2d at 216.

Johnson's Complaint fails to satisfy the first element. It does not allege a lack of state-law remedies. On the contrary, it contends that Johnson is entitled to relief under state law because the Board violated REDA, Am. Compl. ¶¶ 123–32, Doc. No. 1-1 at 257–59, and wrongfully discharged Johnson in violation of North Carolina public policy as it is expressed in multiple state laws: the NCEEPA, REDA, and N.C. Gen. Stat. § 52-12, Am. Compl. ¶¶ 88–122, Doc. No. 1-1 at 250–56. *Cf. Mole'*, 866 S.E.2d at 779 n.4 ("The complaint asserts . . . that [the plaintiff] has no other remedy in state law.").

Johnson also fails to "allege the existence and violation of an internal employment policy that was 'clear [and] established.'" *Id.* at 780 (quoting *Tully*, 810 S.E.2d at 216) (alteration in original). The Complaint does not identify a specific internal employment policy that the Board allegedly violated. While it asserts that the Board "violated public policy and its own CMS Standards of Conduct Policy when [it] falsely accused Mrs. Johnson [of] falsifying records," Compl. ¶ 56, Doc. No. 1-1 at 244, that allegation does not identify a specific internal employment policy that is "clear and established," *Mole'*, 866 S.E.2d at 780 (alteration omitted).[4] Nor does it give the Board "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration omitted). The Complaint refers to the Board's alleged failure to comply with a policy

---

[4] *Cf. Tully*, 810 S.E.2d at 216 (holding that the plaintiff successfully pleaded a fruit-of-one's-labor claim when he alleged that his employer violated specific internal employment policies that required promotional tests to have "demonstrated content and criterion validity" and allowed candidates for promotion to "appeal any portion of the selection process"); *Mole'*, 866 S.E.2d at 777, 780 (holding that the plaintiff successfully pleaded a fruit-of-one's-labor claim when he alleged that his employer gave him only one day's notice of his pre-disciplinary hearing in violation of its "written policy requiring advance notice of at least three days").

6

requiring it to give Johnson written notice of her children's acceptance into the lunch program, Compl. ¶¶ 49–51, Doc. No. 1-1 at 243, but that policy has nothing to do with Johnson's employment, so it cannot form the basis of her fruit-of-one's-labor claim. *See Mole'*, 866 S.E.2d at 780 ("The first eight policy violations alleged above put Sergeant Mole' into an untenable position, but they do not state a claim under *Tully*. *Tully* protects public employees from unreasonable violations of *employment* policies, not field operating or training procedures that do not bear upon internal processes governing the employer-employee relationship.").

Johnson's Response mentions some policies that the Board allegedly violated. *See, e.g.*, Resp. to Def.'s Obj. 4, Doc. No. 10 ("[The] Board created a clear policy and rule when [it] allowed Mr. Soares to present evidence and demonstrate that he had no[t] signed the program application whereas Plaintiff was not afforded that opportunity."); *id.* at 5 ("[The] Board failed to provide Plaintiff with an opportunity to present evidence that she had not submitted the free/reduced lunch applications. Defendant Board had a policy to allow the accused employee to provide such evidence before making a disciplinary decision."). But the Complaint does not mention those policies, and "parties cannot amend their complaints through briefing." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 8) is **ADOPTED in part**. Specifically, the M&R is **NOT ADOPTED** as to Johnson's fruit-of-one's-labor claim. It is otherwise **ADOPTED**.

2. The Defendants' Motion to Dismiss (Doc. No. 3) is **GRANTED in part** and **DENIED in part**. Specifically, the Motion is **GRANTED** as to Johnson's § 1981 claim against the Board, fruit-of-one's-labor claim against the Board, claim for

7

Case 3:22-cv-00045-RJC-DCK    Document 11    Filed 09/26/22    Page 7 of 8

wrongful discharge in violation of public policy against the Board, claim for tortious interference with contractual rights against Beam, REDA claim against Beam, and § 1983 claim against Beam in her official capacity. The Motion is otherwise **DENIED**.

Signed: September 26, 2022

Robert J. Conrad, Jr.
United States District Judge