# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-045-RJC-DCK

| | |
|---|---|
| CYNTHIA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLOTTE-MECKLENBURG BOARD ) | |
| OF EDUCATION, and CATHY BEAM, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Johnson and Defendant Charlotte-Mecklenburg Board of Education's "Consent Motion For Protective Order" (Document No. 15) filed March 16, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion. The parties' Consent Protective Order follows below.

It is expected that Plaintiff will request in discovery certain information and documents pertaining to this litigation whose disclosure is governed by the Family Educational Rights and Privacy Act ("FERPA"), N.C. Gen. Stat. § 115C-402, N.C. Gen. Stat. § 1132-1.2, and/or N.C. Gen. Stat. §§ 115C-319, -320, and -321.

Pursuant to the above-listed statutes, certain information and documents are required to be maintained as confidential by Defendant but may be made available by order of a court. In order that the litigation of this matter may proceed, it is appropriate that, if requested, the information and documents governed by the above statutes be provided to Plaintiff and other parties to this

litigation, subject to appropriate protections contained in this Order. The parties acknowledge and agree that any release of documents under FERPA may be obtained only by a separate court order.

It is hereby ordered that any documents and information that otherwise would be withheld pursuant to FERPA, N.C. Gen. Stat. § 115C-402, N.C. Gen. Stat. § 132-1.2, and/or N.C. Gen. Stat. §§ 115C-319, -320, -321 shall be produced in accordance with this Consent Protective Order, and that such documents and information, and any other documents and information that contain confidential information, shall be had only upon the following terms and conditions:

1. All information and documents produced and identified by a party as containing confidential information and designated as **CONFIDENTIAL** in accordance with this Consent Protective Order (with the exception of Plaintiff's personnel file) shall be treated as confidential and not disseminated or further disclosed except in accordance with this Consent Protective Order and within the course of this proceeding and any subsequent appellate proceedings.

2. A party may designate information, documents or things which it believes is subject to the confidentiality protections under this Order by placing on the face of such material the word **"CONFIDENTIAL"**, or by otherwise notifying the non-disclosing party's counsel in writing and specifically identifying the documents or information that it maintains is **CONFIDENTIAL**.

3. A party may disclose confidential information designated as confidential pursuant to this Consent Protective Order only to

    a.    The Court and staff;

    b.    The parties (any employees of a party) and their counsel;

2

Case 3:22-cv-00045-RJC-DCK   Document 16   Filed 03/16/23   Page 2 of 8

c. Staff of counsel's law firm who assist with the preparation or filing of exhibits or other documents;

d. Consultants or experts retained or who may be retained for litigation purposes;

e. Witnesses or prospective witnesses for discovery, trial preparation, or trial purposes;

f. Court reporters employed for the purpose of taking depositions; and

g. Independent companies, agencies, or agents who are directly engaged by counsel to perform litigation support services under the supervision of such counsel.

4. Any person, other than listed in Section 3. a., b., c., f., and g., who is provided with confidential information or shown confidential documents, shall execute the form attached as Exhibit A prior to disclosure of confidential information. The disclosing party shall transmit an executed copy of Exhibit A to the non-disclosing party within fourteen (14) days of the execution of Exhibit A.

5. Counsel for the parties shall keep a record of persons to whom disclosures are made if the person receiving disclosure is required under the provisions of paragraph four above to execute Exhibit A. Counsel for the parties shall retain all disclosure forms signed by such persons.

6. The parties propose that all confidential materials covered by this Order shall be returned to counsel for the party who provided access to the materials, or destroyed, within sixty (60) days after final disposition of the matter, except that counsel of record for each party may retain one copy in accordance with that party's document retention or destruction policies.

However, any confidential documents and information so retained will continue to be treated as confidential and governed by this Order. Notwithstanding the provisions of this paragraph, the ultimate disposition of confidential documents and information is subject to a final Order of this Court upon completion of this litigation.

7. Documents and information designated as **CONFIDENTIAL** may be utilized in depositions that are taken during litigation. Either during the course of the deposition or within ten (10) business days of the close of discovery, a Party may designate deposition testimony as "CONFIDENTIAL." Such a designation shall be specific as to the portion(s) of testimony to be designated as "CONFIDENTIAL" including page and line numbers. A designating party must serve a Notice of Designation in writing to all Parties of record as to specific portions of the transcript to be designated "CONFIDENTIAL." Thereafter, those portions so designated shall be protected under this Order.

8. When a party seeks to file with the Court confidential information or documents, including confidential portions of any transcript, the party shall follow W.D.N.C. Local Rule LCvR 6.1. If the party seeking to file confidential information or documents is not the party who designated such information and documents confidential pursuant to paragraph 2 above, then they shall provide the party who so designated notice of their intent to file before they file the requisite motion under LCvR 6.1(c) so that the parties can confer as to whether such information and documents should be filed under seal. Notwithstanding a party's desire to file confidential documents under seal, any motion, memorandum, document or other paper filed with the Court is presumptively deemed to be a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

9. The production by either party of confidential information and documents pursuant to the terms of this Order shall not waive or prejudice the right of either party to object to the admissibility of the documents or information on other grounds; and the production of such information or documents shall not be considered an acknowledgement that the materials may be admissible into evidence at trial of this action.

10. In the event a party disputes the designation of information or documents as **CONFIDENTIAL**, counsel for the disputing party shall notify the designating party in writing of such dispute, which may include notification by email. In an effort to settle such dispute without judicial intervention, the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed designation. If the parties cannot resolve the dispute, the disputing party or designating party may file a motion with the Court for a ruling on the designation.

11. When the parties dispute a confidentiality designation as set forth in paragraph 10 above, the party maintaining that the information or documents are confidential shall bear the burden before the Court to show that the information or documents are entitled to continued protection under the Order. During the pendency of such dispute or motion and until the Court rules, the information or documents designated as **CONFIDENTIAL** shall remain subject to the designations and restrictions of this Order.

12. The handling of information designated as **CONFIDENTIAL** at trial shall be a matter addressed by the Court at the final pre-trial conference.

13. Nothing in this Order shall require disclosure of material which is protected from disclosure by the attorney-client privilege, as constituting attorney work product, or any other

5

Case 3:22-cv-00045-RJC-DCK   Document 16   Filed 03/16/23   Page 5 of 8

valid objection or privilege. Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document or materials are subject to or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of legally recognized protection or privilege, shall not waive the protection for either the document or information contained in the documents or materials.

14. Pursuant to Federal Rule of Evidence 502(b) and (d), an inadvertent failure to designate qualified information, documents or items as "CONFIDENTIAL" does not waive the designating party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" after the material was initially produced, the receiving party, on timely notification of the designation by the designating party, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If a party disputes the subsequent designation of material as "CONFIDENTIAL" under this paragraph, a party may dispute the designation as provided in paragraph 10 above.

15. This Order shall not prevent any party from applying to the Court for relief, or from applying to the Court for additional protective orders, or from the parties agreeing among themselves to the modification of this protective order, subject to the approval of the Court.

16. This Order may be modified only upon further order of this Court.

Signed: March 16, 2023

David C. Keesler
United States Magistrate Judge

6

Case 3:22-cv-00045-RJC-DCK   Document 16   Filed 03/16/23   Page 6 of 8

**Consented to By Counsel for the Parties**

This the 16th day of March 2023.

/s/ Lawrence Wooden
Lawrence Wooden
NC Bar No. 47199
10130 Mallard Creek Rd.
Suite 300
Charlotte, NC 28262
lwooden@wbvlaw.com
Attorney for Plaintiff

/s/ Terry L. Wallace
Terry L. Wallace
NC Bar # 26806
**WALLACE LAW FIRM PLLC**
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
T: (704) 626-2903
F: (704) 626-3476
E:  terry@wallacelawnc.com

Attorney for Defendants

7

Case 3:22-cv-00045-RJC-DCK   Document 16   Filed 03/16/23   Page 7 of 8

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

  I, _____ [insert full name], declare under penalty of perjury that I have read the Stipulated Protective Order in its entirety and understand that it was issued by the United States District Court for the Western District of North Carolina – Charlotte Division on _____, 2022 in the case of *Cynthia Johnson v. Charlette-Mecklenburg Board of Education, et al.,* Civil Action No. 3:22-CV-45.

  I hereby agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court in this matter. I solemnly promise not to disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

  I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina – Charlotte Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Address:    _____

      _____

Signature:   _____

Date:     _____

Jurisdiction where sworn and signed: _____